Argued November 16, 1920, reversed and decree entered January 4, 1921.

## MYERS *v.* CLACKAMAS COUNTY.

(194 Pac. 176.)

**Highways—Order Establishing Road cannot be Informally Changed to Conform to Petition.**

1. Where the County Court formally entered an order opening a highway as established by the surveyor, which was on a line different from that designated in the petition, the highway cannot thereafter be changed to conform to the line in the petition by a mere verbal order of the county judge made without any notice or citation.

**Appeal and Error—Jurisdiction cannot be First Challenged on Appeal.**

2. In a suit to restrain the maintenance of a road, where the defendants filed no demurrer or other similar plea to the com-

---

2. Estoppel of litigant to deny jurisdiction of court by previous acts or conduct admitting jurisdiction, see note in 14 Ann. Cas. 1044.

plaint, but alleged that the road was duly established, defendants cannot on appeal challenge the jurisdiction of the court.

**Eminent Domain—Use of Highway Illegally Encroaching on Plaintiff's Land Enjoined, Though Land was of Little Value.**

3.   Where the course of a highway was illegally changed so as to encroach on plaintiff's land, his constitutional rights were invaded, and an injunction to restrain the use of the highway as so changed will be issued, though the land was of little value.

From Clackamas: James U. Campbell, Judge.

Department 2.

The defendant Clackamas County is a legal subdivision of the state, and I. D. Larkins is one of its road supervisors.   In 1866 the United States, under its Donation Act (9 Stat. 496), issued patent to Robert and Rachel Thompson for certain lands in Clackamas County, the title to the south half of which was conveyed to plaintiff by deeds of April 10, 1894, and September 25, 1899, and ever since said conveyance he has held the record title to said lands.   In 1895 a petition was filed in the County Court of Clackamas County, to locate Road No. 457, the beginning point of the first course of which is described as ''commencing in the middle or center of the Henry Engle and Noland Mill Road, thirty (30) rods west, more or less, and thirty (30) feet south, more or less, from the northeast corner of the Thomas Ross Donation Land Claim; thence east thirty-two (32) rods, more or less, to the center of the Arrington and Taylor Road.''   Based upon the petition, viewers were appointed, and, with the county surveyor, went upon the ground to locate the road.   The petition describes a road which would have crossed that portion of plaintiff's lands in controversy, but as located the road did not run due east, but did run east 1° 40′ south.   Upon that course the proposed road was laid

out and opened in 1895, and as then located it did not cross the land described in plaintiff's complaint as containing 377.22 square feet, more or less. As then established, the road was used continuously by the public from 1895 to 1917. The defendant Larkins is the owner of the John M. Drake Donation Land Claim, which lies west of and adjoining the Thompson claim, and north of and adjoining the Ross claim. After acquiring title to his land, the defendant Larkins desired to straighten Road No. 457 and run it due east in order to make it conform to the original petition for the road. After conference with the county judge and one of the commissioners, he moved the road over and made it run due east, or across that portion of plaintiff's land described in the complaint, and as thus changed it has ever since been used as a county road. As a result, the plaintiff brought suit, in which he alleges that on the —— day of ——, 1917, the "defendants, disregarding the rights of the plaintiff and without authority of law, entered upon the above-described real estate belonging to the plaintiff, and then and there dug up the surface of said land and constructed a grade for a roadbed the full length of said described tract, and undertook to, and did, construct a roadway for wagons and other vehicles over and upon said described property, and since said date of entry have at various times entered upon the same and have done work in the improvement of said roadbed so as to enable teams and wagons and the general public to pass over the same upon the said roadbed, and to travel thereon, and have thereby invited and do invite the general public * * to use and travel over the same, all without the knowledge or consent of the plaintiff, and the defendants threaten to and will * * continu-

ally and perpetually so trespass upon the said described real estate. * * '' He prays for a decree that defendants be enjoined from further use, occupation, or trespass of the land, and for $100 damages.

A joint answer was filed by the defendants, in which they deny the material allegations of the complaint, and as a further and separate defense allege:

"That the strip of land set forth and described in paragraph 3 of said complaint as lying and being between Road 74 and Road 457 in Clackamas County, Oregon, lies also within the boundaries of a road duly established and opened by the County Court of Clackamas County, Oregon; that said road has been traveled for some years; and that the plaintiff in this case knew these facts prior to the filing of his complaint."

Wherefore they pray for a decree that the suit be dismissed, with costs.

A denial was made of the new matter, and after plaintiff had offered his proof the defendant moved for a judgment of nonsuit, which was allowed as to Larkins and overruled as to the county.

After all the testimony was taken, the court made its findings of fact that the land in dispute "lies within the boundaries of a road duly established and opened by the County Court of Clackamas County, Oregon," and that the further and separate answer was sustained by the proof, and rendered a decree dismissing the suit without costs, from which plaintiff appeals, claiming that the court erred in sustaining the motion for nonsuit as to Larkins, in dismissing the suit, and in the rendition of its decree.

            Reversed.    Decree Entered.

For appellant there was a brief over the names of *Mr. Earle C. Latourette, Messrs. C. D. & D. C. Latour-*

*ette* and *Mr. Gordon E. Hayes,* with an oral argument by *Mr. Earle C. Latourette.*

For respondents there was a brief and an oral argument by *Mr. Gilbert L. Hedges,* District Attorney.

JOHNS, J.—The witnesses for both sides testified with reference to maps introduced in evidence, on which they indicated different points and places by the use of their fingers or a pointer. There is nothing on the maps to identify the places concerning which they were testifying. Referring to some specific point, the word "indicating" is found at least 75 times in the record. The attorneys and the trial court saw what the witnesses did, but, without being identified on the maps, such a record is of no value to this court and has no meaning. Again, points of the compass are not shown on the maps. The proof is conclusive that the plaintiff is the holder of the record title to the land described in the complaint. Hence it devolves upon the defendants to show how and when that title was divested. They undertook to do this by introducing the record for the petition and location of Road No. 457 in 1895. The petition for this road calls for a due east course, which, if followed, would have taken the land in controversy, but, as surveyed, viewed, and located, it ran east 1° 40′ south, and did not cross the land in dispute. The road was thus established October 10, 1895, and as then located was continuously used as a county road until some time in 1917, when it was changed by the defendant Larkins, claiming to act by authority of the county, and placed upon a due east course and across plaintiff's land. In the laying out and opening of a county road, upon receipt of the report of

the viewers, "the court shall cause said report, survey, and plat to be recorded, and thenceforth said road shall be considered a public highway, and the court shall issue an order directing said road to be opened.

1. The journals of the County Court of October 10, 1895, recite that—

"It is therefore ordered that said change in said road be established, and that the field-notes and plat of the survey of the same be recorded."

It thus appears that the County Court, on October 10, 1895, actually approved of the county road as it was then surveyed and defined by the field-notes, and as it was then located upon the ground. That order was an official public record of the County Court and entered in its journals. There is no claim or pretense that the order of October 10, 1895, was ever set aside or vacated. There is no evidence that the County Court took any official action in 1917 in changing the bed of the road, or that it ever made an official order authorizing or directing such change. So far as the record shows, the only authority is based upon conversations between the county judge, defendant Larkins, and one of the commissioners. No official action was ever taken. From such conversations it clearly appears that the change was made upon the assumption that an error was made by the surveyor and viewers in locating the road in 1895, and that it could be corrected by a verbal order of the County Court in 1917 so as to make the actual roadbed conform to the road petition of 1895, upon which it was based. All such acts were *coram non judice*. They were not based upon any citation, showing or petition. In such matters the county can only speak through its journals, and no official action

was ever taken, neither was any journal entry made. Under such a record, no authority has ever been cited, and none will be found, which will authorize a County Court in 1917, verbally or otherwise, to vacate or modify an order of a County Court made in 1895, without the filing of a petition, the issuance of a citation, or the making of some kind of a showing.

2. It is contended that the instant suit should have been dismissed for want of jurisdiction. No demurrer or other similar plea was filed to the complaint. The defendants met the issues, and as a further and separate answer alleged that the road was duly established, and, in legal effect, that the defendants had the right to make the change in the road. That was what the trial court found, and for such reason dismissed the suit. The defendants, having met the issues and pleaded an affirmative defense without challenging the jurisdiction, cannot at this time raise the question of jurisdiction: *Kitcherside* v. *Myers*, 10 Or. 21.

3. It is true that the land is of but little value, but the question involved is a constitutional right. The proof shows that the plaintiff is the owner of the land, that in 1917 the defendant Larkins, acting under the advice of the County Court, but without any official authority, entered upon said land and undertook to appropriate it, make the change and open it as a county road, and that as a result it has been used and traveled by the public ever since said date.

The decree will be reversed, and one entered here enjoining the defendants from trespassing or using the lands described in the complaint as a county road, with costs to the appellant.

REVERSED.    DECREE ENTERED.

McBRIDE, C. J., and BEAN and BROWN, JJ., concur.