Submitted on briefs June 1, affirmed June 22, 1926.

## E. M. COUSIN v. CLACKAMAS COUNTY.

(247 Pac. 138.)

**Eminent Domain—Land Owner Whose Land is Appropriated for County Road, Though not Included Within Boundaries Described in Resolution, is Entitled to Recover Value of Property Taken and Damages Resulting to Remainder of Land (§ 4538, subd. 2, and § 4556, Or. L.).**

1. If county, in construing county road, appropriates land not included within boundaries described in resolution, under Section 4538, subdivision 2, and Section 4556, Or. L., owner of such land is entitled to damages, not only for value of property taken, but also that resulting to remainder of tract.

**Eminent Domain—Where Land Appropriated in Construction of County Road is Included Within Described Boundaries, Owner, Failing to Appeal from Court's Order Approving Amount of Damages Assessed by Viewers, cannot Recover Any Additional Damages (§ 4538, subd. 2, and § 4556, Or. L.).**

2. Where land taken in construction of county road and is included within boundaries, as described in resolution under Section 4538, subdivision 2, and Section 4556, Or. L., owner who did not appeal from order of County Court approving amount of damages assessed by viewers, cannot recover additional damages, as matter became final by such approval.

---

Eminent Domain, 20 C. J., p. 730, n. 51, p. 1065, n. 47, p. 1068, n. 84, 85, p. 1205, n. 8.

1. See 10 R. C. L. 153.

From Clackamus: J. U. CAMPBELL, Judge.

In Banc.

This suit was instituted for the purpose of ''commanding the defendant to desist from further use, occupation or trespass for maintenance of a county road upon the plaintiff's real property,'' for damages aggregating $5,142.50 and for costs and disbursements. An answer was filed by the defendant to which the plaintiff demurred. The demurrer was overruled, a reply filed and the matter tried upon the evidence. The decree was in favor of the defendant and the cause was dismissed without costs to either party. This suit has grown out of the location and construction of road No. 1138 in Clackamas County.

The plaintiff undertakes by this suit to collect for land taken alleged to be outside the limits of said road and consequent damages resulting to the remainder of his tract. The road was established by resolution as prescribed in Or. L., Sections 4556, 4538, subdivision 2. No claim is made as to the legality or regularity of the proceedings followed to establish the road. The sole contention of the plaintiff is that the road as constructed takes a small part of his tract not included within the boundaries of the proposed road as described in the resolution and materially damages the part not taken. The gist of the controversy is the exact location of the road as described in the resolution authorizing its establishment. There is no room for controversy that the end is in a westerly direction from the beginning of the road. The road has been entirely constructed. It unites with the Pacific Highway near Oswego and at the point of junction is on uneven

ground requiring a fill. The junction is on a sharp curve.

The plaintiff was allowed $500 for the damages sustained by the establishment of the road, and an order made directing the drawing of the warrant. He had not called for the warrant.        AFFIRMED.

For appellant there was a brief over the name of *Mr. E. M. Cousin, in propria persona.*

For respondent there was a brief over the name of *Mr. Livy Stipp,* District Attorney.

COSHOW, J.—1, 2. If the county appropriated any part of the tract of land owned by the plaintiff which was not included within the boundaries of the road described in the resolution of the County Court authorizing the construction of the road, plaintiff would be entitled to the damages suffered thereby. His damages would include not only the value of the property taken but the damages resulting to the remainder of the tract. But if the land belonging to plaintiff and taken in the construction of the road is included within the boundaries of the proposed road as described in the resolution, the plaintiff is not entitled to recover the damages he suffered by the location and construction of the road because such damages are presumed to be included in the damages allowed by the viewers. He never appealed from the order of the County Court approving the amount of the damages assessed by the viewers. That matter has therefore become final. He cannot recover additional damages resulting from the construction of the road if it was constructed within the limits of the description in the resolution: *Barrett* v. *Union Bridge Co.,* 117 Or. 220 (243 Pac. 93).

*Myers* v. *Clackamas County,* 98 Or. 391 (194 Pac. 176), relied on by plaintiff, is not in point. The county was enjoined in that case from changing a long-established road because as surveyed, platted and constructed, it slightly departed from the description in the petition for the road. In the instant case the controversy is the application of the description in the resolution to the ground on which the road is laid.

The question presented on this appeal is one of fact. The plaintiff and his wife testified that the road as constructed included a small triangular part' of his tract not included within the description of the proposed road embodied in the resolution adopted by the County Court establishing that road. The defendant produced its county surveyor who surveyed and laid out the road. He testified that all of the land covered by the construction of the road is included in the boundaries of the proposed road as described in the said resolution. The defendant also introduced the record of said proposed road, including the field-notes and plat. The differences arise because of the angle and curves in the end of road No. 1138 where it joins the Pacific Highway. A careful consideration of all the evidence including the exhibits convinces us that the plaintiff has not established his case. A discussion of the evidence would be of no benefit. The plat showing the exact location of the road confirms the testimony of the county surveyor.

The decree of the Circuit Court is affirmed. Neither party will recover costs in this court.

AFFIRMED.